Douglas CURTIS and Deborah Curtis, Denise Curtis, by and through her next friend, Douglas Curtis, and Fadhil H. Al Saadi, Plaintiffs-Appellants,

v.

PROGRESSIVE CASUALTY INSUR-ANCE COMPANY, Defendant and Third Party Plaintiff-Appellee,

v.

CHARLES L. PLATTS, INC., Third Party Defendant.

No. 84-1019.

United States Court of Appeals, Sixth Circuit.

Argued March 6, 1985.

Decided April 26, 1985.

William A. Roy (argued), Roy, Shecter and Vocht, Birmingham, Mich., Gerald R. Goulet, Detroit, Mich., for plaintiffs-appellants.

Stanley Prokop, Christine D. Oldani (argued), Detroit, Mich., for defendant and third party plaintiff-appellee.

Before CONTIE, Circuit Judge, and PHILLIPS and CELEBREZZE, Senior Circuit Judges.

PHILLIPS, Senior Circuit Judge.

Plaintiffs-appellants, Douglas Curtis, Deborah Curtis, Denise Curtis, and Fadhil H. Al Saadi, appeal from the district court's order granting summary judgment to defendant-appellee Progressive Casualty Insurance Company. Plaintiffs sought recovery from Progressive on a liquor liability insurance contract issued to Mr. Al Saadi.

I

The Curtises successfully sued Mr. Al Saadi after they were injured by an intoxicated driver who had been drinking at an establishment owned by Mr. Al Saadi. The accident took place on July 10, 1976. In the action under the Michigan Dram Shop Statute for sale of alcohol to a visibly intoxicated person, Progressive refused to defend the action on behalf of Mr. Al Saadi. Although Progressive had issued a liquor liability policy to indemnify Mr. Saadi for liability arising out of operations of his Playmate Lounge on December 22, 1975, Progressive refused to defend the action on the ground that the policy had been cancelled on June 26, 1976.

After a bench trial in Wayne County Circuit Court, the court found against Mr.

Al Saadi and assessed damages of $251,-792. Mr. Al Saadi filed for bankruptcy and assigned his rights under the insurance policy to the Curtises. The Curtises filed a complaint on August 17, 1982 in State court alleging that Progressive wrongfully refused to defend the action in derogation of the insurance policy. Mr. Al Saadi also has sued, seeking damages for an alleged breach of Progressive's obligation to defend him in the prior litigation. Progressive, an Ohio corporation, petitioned for removal and the case was removed to the District Court for the Eastern District of Michigan.

## II

Mr. Al Saadi obtained his insurance policy with Progressive by means of a premium financing agreement with Detroit Bank & Trust. He obtained the policy through his agent Charles Platts, Inc. and a sub-agent, Helen Caldwell. Platts Company sent the application to Marketfinders, Inc., an insurance agency that dealt in the market of liquor liability policies. Marketfinders obtained a source of insurance, billed Platts, and sent it the policy, which was to cover the period from December 22, 1975 to December 22, 1976. The bank advanced the premium money to Platts, permitting Mr. Al Saadi to make payments on a seven month basis. Platts retained a portion to serve as a commission and forwarded the rest to Marketfinders. The funds were disbursed to Platts on April 28, 1976.

According to Progressive, the loan agreement between the bank and Mr. Al Saadi contained a power of attorney authorizing the bank to cancel the policy on behalf of Mr. Al Saadi if he did not make his loan payments to the bank. After discovery, no signed agreement to this effect could be located. Instead, Progressive produced a blank form of a premium finance agreement as a facsimile purporting to be of the kind used by the bank in insurance premium financing agreements at the time the loan agreement was executed. Although Mr. Al Saadi admits signing a premium financing agreement, he denied signing one like the facsimile with the power of attorney provision.

The district court accepted the blank form as adequate proof of the contents of the contract. The facsimile used during the court's consideration of Progressive's motion for summary judgment authorized the bank to cancel the policy and demand repayment of the unearned portion of the premium if Mr. Al Saadi failed to make payments within ten days after the due date. The bank was given power of attorney to cancel and surrender the policy and collect the unearned portion of the premium.

Progressive contends that Mr. Al Saadi failed to make payments and the bank exercised its rights as attorney in fact to demand cancellation of the policy at some time prior to July 10, 1976, the date of the accident. The bank records show no payments received on the loan other than the original downpayments. Mr. Al Saadi indicated he made payments to Helen Caldwell, the sub-agent for Platts. The bank instructed Platts to cancel the policy for nonpayment of premiums. Progressive presented testimony that Platts sent a notice of cancellation to Marketfinders and Mr. Al Saadi on June 16, 1976, effective June 16, 1976. Mr. Al Saadi denies receipt of the notice. Progressive produced a "cancellation ticket" from Marketfinders, effective June 26, 1976, specifying nonpayment of premiums as the reason for cancellation. It was dated July 7, 1976 but was stamped received by Progressive on July 19, 1976. Platts repaid the bank for the unpaid balance of the loan and subsequently received a refund from Progressive through Marketfinders.

Jurisdiction in this case is based on diversity of citizenship. Michigan Law controls. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The proceedings in the district court centered around the notification requirements under Michigan law for cancellation of an insurance policy. Mich.Comp.Laws Ann. § 500.-1511, Mich.Stat.Ann. § 24.11511 provides that a premium finance company may not

cancel an insurance contract it finances unless it provides the insured not less than ten days' written notice before requesting cancellation by the insurer. This ten day period affords the insured the opportunity to cure the default. Similarly, Mich.Comp. Laws Ann. § 500.3020, Mich.Stat.Ann. § 24.13020 provides that the insured may cancel a policy at any time. Where the insurer cancels the policy, however, ten days written notice is required.

Appellants moved for summary judgment asserting that there had been no effective cancellation because the required notices had not been sent. Progressive moved for summary judgment as well, arguing the policy was effectively cancelled because Mich.Comp.Laws Ann. § 500.-1501(b), Mich.Stat.Ann. § 24.11501(b) exempted banks acting as premium finance companies from the notice requirements. Alternatively, it argued that the policy was cancelled at the request of Mr. Al Saadi or his agent pursuant to Mich.Comp.Laws Ann. § 500.3020, Mich.Stat.Ann. § 24.13020 and therefore that notice requirements were irrelevant.

The district court conducted hearings on the motions. It found that the bank had never received payments from Mr. Al Saadi other than the original down payments. The court, accepting the facsimile as adequate proof of the contents of the contract signed, held the bank had properly exercised the power of attorney to cancel the policy. It held that cancellation was effective upon issuance of the cancellation ticket by Marketfinders on July 7, 1976. It held that Mr. Al Saadi cancelled the policy by not making the required payments. Therefore it held the cancellation was effective upon notice to Marketfinders, the authorized agent of Progressive. The court held further that notification of cancellation by the bank was not required because banks are exempt from the notice requirements of Mich.Comp.Laws Ann. § 500.1511, Mich. Stat.Ann. § 24.11511. The court also held that the insurance company was not required to send notice of cancellation to Mr. Al Saadi because "an insurer need not provide an insured with notice when the cancellation is effectuated by the insured or his attorney-in-fact."

### III

Appellants contend that the issues raised in this case were not appropriate for summary judgment disposition. They stress that although they moved for summary judgment in the district court, their motion concerned only the adequacy of the notices actually given. The disposition of other issues addressed in the district court below, they maintain, was achieved only by making findings of fact where material facts were controverted.

In order to prevail, Progressive had to show that there was a premium finance agreement that contained the provision granting power of attorney to the bank. Exemption from the notification provisions of Michigan law depended on the bank's execution of the power of attorney. A signed copy of the agreement was not available, however, and the court relied on a facsimile produced by the bank. Mr. Al Saadi denied executing the document produced. This created a genuine issue of material fact precluding summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure.

Progressive emphasizes that Mr. Al Saadi admitted signing a premium financing agreement with the bank. He expressly denied signing one containing the power of attorney provision exemplified by the blank form offered by Progressive. Moreover, appellants note that a witness, Raymond Johnson, testified to terms in the original agreement requiring Platts to reimburse the bank for unpaid premiums. These terms were not present in the facsimile agreement. There is an issue of material fact regarding whether the bank had power of attorney.

Without the express provision according power of attorney to the bank, Mr. Al Saadi cannot be deemed implicitly to have authorized cancellation of the policy by nonpayment of installments. Where an insurance company cancels a policy without

the request of the insured, it is subject to the notification requirements of Mich. Comp.Laws Ann. § 500.3020, Mich.Stat. Ann. § 24.13020. Because Mr. Al Saadi denied ever receiving notification of cancellation, the policy may not have been cancelled properly under Michigan law. Summary judgment therefore was inappropriate.

REVERSED and REMANDED for further proceedings. No costs are taxed. The parties will bear their own costs on this appeal.